IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A. | No. C 13-0111 MMC |
| Plaintiff, | **ORDER REMANDING ACTION; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| JULIO LOPEZ, | |
| Defendant. | |

Before the Court is defendant Julio Lopez's ("Lopez") Notice of Removal, filed January 9, 2013, by which Lopez has removed from state court a complaint filed by plaintiff Wells Fargo Bank, N.A. ("Wells Fargo").[1] In its complaint, Wells Fargo alleges a single claim, specifically, a state law claim for unlawful detainer. Having read and considered the Notice of Removal, the Court, for the reasons stated below, will remand the action.

The instant notice of removal constitutes Lopez's third removal of Wells Fargo's complaint. First, on June 13, 2012, Lopez filed a notice of removal, asserting therein that a federal question was presented in light of a federal defense he had raised. (See Wells Fargo Bank, N.A. v. Lopez, C 12-3040 MMC, Doc. 1.) By order filed July 19, 2012, the Court remanded Wells Fargo's complaint, finding Lopez had failed to show, and could not

---

[1] Also before the Court is Lopez's application to proceed in forma pauperis. As it appears Lopez lacks the funds necessary to pay the filing fee, the application is hereby GRANTED.

show, a federal question was presented by Wells Fargo's complaint.

Next, on August 29, 2012, Lopez filed his second notice of removal, asserting therein that the Court had diversity jurisdiction over Wells Fargo's complaint.  (See Wells Fargo Bank, N.A. v. Lopez, C 12-4539 MMC, Doc. 1.)  By order filed October 29, 2012, the Court remanded the complaint, finding the removal was substantively improper, because Lopez had failed to show, and could not show, the requisite amount in controversy, and, further, that the removal was procedurally improper, because Lopez is a citizen of California and the filing was untimely.

Undeterred by the prior orders of remand, Lopez once again has removed the complaint.  In said third notice, Lopez repeats the assertion made in his first notice of removal, specifically, that the Court has federal question jurisdiction in light of a federal defense Lopez has raised.

Under such circumstances, the Court again finds Lopez has failed to show, and cannot show, the Court has jurisdiction over Wells Fargo's complaint.[2]  See Caterpillar Inc. v. Williams, 482 U.S. 386, 399 (1987) (holding "federal defenses do not provide a basis for removal").

Accordingly, the complaint is hereby REMANDED to the Superior Court of California, in and for the County of Alameda.

**IT IS SO ORDERED.**

Dated:  January 28, 2013

MAXINE M. CHESNEY
United States District Judge

---

[2] By separate order filed concurrently herewith, the Court has directed Lopez to show cause why an order should not be entered prohibiting him from filing, without advance court approval, any further notice of removal of the instant complaint.

2