United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11

WELLS FARGO BANK, N.A.

No. C 13-0111 MMC

12

            Plaintiff,

**ORDER REMANDING ACTION;
GRANTING APPLICATION TO
PROCEED IN FORMA PAUPERIS**

13

    v.

14

JULIO LOPEZ,

15

            Defendant.
                                            /

16
17

    Before the Court is defendant Julio Lopez's ("Lopez") Notice of Removal, filed

18

January 9, 2013, by which Lopez has removed from state court a complaint filed by plaintiff

19

Wells Fargo Bank, N.A. ("Wells Fargo").[1]  In its complaint, Wells Fargo alleges a single

20

claim, specifically, a state law claim for unlawful detainer.  Having read and considered the

21

Notice of Removal, the Court, for the reasons stated below, will remand the action.

22

    The instant notice of removal constitutes Lopez's third removal of Wells Fargo's

23

complaint.  First, on June 13, 2012, Lopez filed a notice of removal, asserting therein that a

24

federal question was presented in light of a federal defense he had raised.  (See Wells

25

Fargo Bank, N.A. v. Lopez, C 12-3040 MMC, Doc. 1.)  By order filed July 19, 2012, the

26

Court remanded Wells Fargo's complaint, finding Lopez had failed to show, and could not

27
28

    [1]Also before the Court is Lopez's application to proceed in forma pauperis.  As it
appears Lopez lacks the funds necessary to pay the filing fee, the application is hereby
GRANTED.

1    show, a federal question was presented by Wells Fargo's complaint.

2         Next, on August 29, 2012, Lopez filed his second notice of removal, asserting

3    therein that the Court had diversity jurisdiction over Wells Fargo's complaint.  (See Wells

4    Fargo Bank, N.A. v. Lopez, C 12-4539 MMC, Doc. 1.)  By order filed October 29, 2012, the

5    Court remanded the complaint, finding the removal was substantively improper, because

6    Lopez had failed to show, and could not show, the requisite amount in controversy, and,

7    further, that the removal was procedurally improper, because Lopez is a citizen of

8    California and the filing was untimely.

9         Undeterred by the prior orders of remand, Lopez once again has removed the

10   complaint.  In said third notice, Lopez repeats the assertion made in his first notice of

11   removal, specifically, that the Court has federal question jurisdiction in light of a federal

12   defense Lopez has raised.

13        Under such circumstances, the Court again finds Lopez has failed to show, and

14   cannot show, the Court has jurisdiction over Wells Fargo's complaint.[2]  See Caterpillar Inc.

15   v. Williams, 482 U.S. 386, 399 (1987) (holding "federal defenses do not provide a basis for

16   removal").

17        Accordingly, the complaint is hereby REMANDED to the Superior Court of California,

18   in and for the County of Alameda.

19        **IT IS SO ORDERED.**

20

21   Dated:  January 28, 2013

22                                                              MAXINE M. CHESNEY
                                                                United States District Judge

23

24

25

26

_____

27        [2]By separate order filed concurrently herewith, the Court has directed Lopez to show

28   cause why an order should not be entered prohibiting him from filing, without advance court
     approval, any further notice of removal of the instant complaint.

2