IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | No. C 13-0111 MMC |
| Plaintiff, | **ORDER DIRECTING DEFENDANT JULIO LOPEZ TO SHOW CAUSE WHY COURT SHOULD NOT IMPOSE PRE-FILING ORDER** |
| v. | |
| JULIO LOPEZ, | |
| Defendant. | |

By separate order filed concurrently herewith, the Court has remanded to state court the complaint filed by plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") against defendant Julio Lopez ("Lopez"). The instant action constitutes the third attempt by Lopez to remove Wells Fargo's complaint from state court to federal court. Under such circumstances, and for the reasons set forth below, it appears appropriate that the Court impose upon Lopez sanctions in the form of a pre-filing order restricting his ability to further remove Wells Fargo's complaint.

As the Ninth Circuit has recognized, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." See De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990). To combat such abuses, district courts have "the inherent power to enter pre-filing orders against vexatious litigants." See Molski

v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007).  Before imposing a pre-filing order, a district court must provide the litigant with "adequate notice and a chance to be heard," identify the "cases and motions that support the conclusion that [the litigant's] filings are so numerous or abusive that they should be enjoined," make "substantive findings as to the frivolous or harassing nature of the litigant's actions," and ensure any pre-filing order is "narrowly tailored to closely fit the specific vice encountered."  See De Long, 912 F.2d at 1147-48 (internal quotation and citation omitted).

Here, Wells Fargo's complaint alleges a single state law claim, specifically, a claim for unlawful detainer.  In its complaint, filed February 24, 2012 in state court, Wells Fargo alleges that it owns certain real property in Fremont, California, that on February 16, 2012, it served on Lopez and the other occupants of the property a notice to vacate, and that, to date, the occupants, including Lopez, have refused to vacate the premises.  Wells Fargo seeks an order granting it possession of the property, as well as monetary relief in an amount not to exceed $10,000.

As noted, Lopez has filed three notices of removal of Wells Fargo's complaint:  first, on June 13, 2012, next, on August 29, 2012, and then again on January 9, 2013.  The three notices of removal were assigned, respectively, Civil Case No. 12-3040, Civil Case No. 12-4539, and Civil Case No. 13-0111.

In his first notice of removal, Lopez asserted the Court had federal question jurisdiction over the complaint.  In response thereto, Wells Fargo filed a motion to remand, arguing no federal question was presented by its claim for unlawful detainer; Lopez did not file opposition.  By order filed July 19, 2012, the Court granted the motion, finding Lopez had failed to show, and could not show, a federal question was presented by the complaint, and the matter was remanded to state court.

In his second notice of removal, Lopez asserted the Court had diversity jurisdiction over Wells Fargo's complaint.  In response thereto, the Court directed Lopez to show cause why the complaint should not be remanded for the reason Lopez had failed to show the requisite amount in controversy.  Further, Wells Fargo filed a motion to remand in which it

1  argued the removal was procedurally improper, because Lopez was a citizen of California
2  and because the filing was untimely.  Lopez did not file a response to the Court's order to
3  show cause, nor did he file opposition to Wells Fargo's motion to remand.  By order filed
4  October 29, 2012, the Court remanded the action, finding the removal was both
5  substantively and procedurally improper.

6       Undeterred by the prior orders of remand, Lopez filed the instant notice of removal.
7  In said notice, Lopez's third attempt at removal, Lopez repeated the grounds set forth in his
8  first notice of removal, specifically, that a federal question was presented in light of a
9  federal defense Lopez had raised.  By order filed concurrently herewith, the Court has
10 again remanded Wells Fargo's complaint, for the reason that the sole grounds stated in the
11 third notice of removal had been expressly rejected by the Court when it initially remanded
12 the complaint on July 19, 2012.

13      In light of the above, the Court finds Lopez's filing of the third notice of removal was
14 frivolous, in bad faith, and made solely to delay the state court's rendering of a decision on
15 the merits of the unlawful detainer proceeding.  As noted, the third notice of removal was
16 based entirely on grounds that already had been rejected by the Court, and, consequently,
17 Lopez lacked any good faith belief that a district court was the proper forum to hear the
18 merits of the unlawful detainer proceeding.

19      The Court further finds it is highly likely that Lopez, in the absence of the imposition
20 of sanctions as proposed herein, will file a fourth notice of removal, as part of his ongoing
21 attempt to avoid any determination of the merits of the unlawful detainer proceeding in its
22 proper forum.

23      Having considered the relevant case authority, and given the record described
24 above, the Court finds the imposition of sanctions are appropriate, and, specifically, that
25 Lopez be subject to a pre-filing order that will not allow him to file, without advance
26 approval of the Duty Judge, a notice of removal of the matter titled <u>Wells Fargo Bank, N.A.</u>
27 <u>v. Lopez, et al.</u>, filed in the Superior Court of California, County of Alameda, Case No.
28 HG12618475.

Accordingly, Lopez is hereby ORDERED TO SHOW CAUSE, in writing and no later than Friday, February 8, 2013, why such pre-filing order should not be issued. As of February 8, 2013, unless the parties are otherwise advised, the Court will take the matter under submission.

**IT IS SO ORDERED.**

Dated: January 28, 2013

MAXINE M. CHESNEY
United States District Judge